# Walker *v.* Brown, Appellant.

*Principal and agent—Broker — Commissions — Inconsistent employment.*

In an action to recover commissions on the purchase of real estate under a contract by which the plaintiff was to receive one dollar an acre for his services in consideration of which he was to do all necessary work to secure a good title to the premises, the defendant cannot set up as a defense that the plaintiff was serving two masters inasmuch as he was trustee for certain bondholders who were the virtual owners of the property, if it appears that the plaintiff's connection with the bondholders had ceased at the time of the purchase, and that even if it had not, he was not in fact such a trustee as would make his contract with the defendant unethical.

In such a case it is not error to refuse an offer of the defendant to prove that he was required to spend time and money in aiding the bondholders to perfect the title to the land, where the offer does not include averments that the services were such as the plaintiff engaged to perform, and if they were, that the performance of such acts on the part of defendant was required by reason of the refusal or default of the plaintiff.

Argued May 2, 1916.    Appeal, No. 125, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1915, No. 484, on verdict for plaintiff in case of H. Q. Walker v. Vet L. Brown.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit to recover commissions on the purchase of real estate.   Before FORD, J.

At the trial it appeared that defendant agreed to pay plaintiff commissions for the purchase of certain land in Florida at the rate of one dollar per acre, in consideration of which plaintiff was to do all necessary work to secure a good title to the premises.   The evidence showed that the plaintiff had been employed by certain bondholders who were the virtual owners of the property to clear up the title.   On this subject he testified that he went to Florida under an arrangement with the bondholders and did get the title in good shape, and that thereafter he made his arrangements with the plaintiff who desired to purchase the land.

When the defendant was on the stand the following offer was made:

"We offer to show by the witness on the stand that in order to accomplish the result desired, it was necessary for the witness to do a great deal of work and spend a great deal of time and money in obtaining signatures to the bill in equity prepared by counsel for the bondholders; that it was further necessary for the witness to go to Florida and seek out some thirty-seven different persons holding interests of one kind or another in portions of this land, and obtain from them quitclaim deeds for their proportions.

"By Mr. Balph: This is objected to as incompetent and irrelevant, and for the further reason that such work as has been described in this offer could not be necessary under the terms of the admitted contract between the defendant and the parties from whom he was purchasing the property.

"By the Court: The objection is sustained, for the reasons stated, and for the additional reason that there is no evidence as yet that such duties were included in the services which plaintiff agreed to perform for the defendant.

"Exception noted.   (1)

159, (1916).]     Point—Opinion of the Court.

"Plaintiff presented this point:

"1. If the jury believe from the evidence that the only employment of plaintiff by the bondholders was to go to Florida and learn the condition of the land and its title, and regain the title for the bondholders to certain pieces of the land that had been sold for taxes, and that plaintiff did this and returned to Pittsburgh, and made report to the bondholders, such employment would not legally interfere with or prevent plaintiff from accepting employment from defendant as his attorney in advising him as to the quality of the title that the bondholders might offer defendant under his option, and protecting the interests of defendant in accepting such title.

"Affirmed."   (2)

Verdict and judgment for plaintiff for $743.37. Defendant appealed.

*Errors assigned* were (1) rulings on evidence quoting the bill of exceptions, and (2) above instructions quoting them.

*W. D. N. Rogers,* of *Richardson & Rogers,* for appellant.

*James Balph,* with him *R. A. Balph,* for appellee.

OPINION BY TREXLER, J., July 18, 1916:

This action is brought by the plaintiff to recover a balance alleged to be due for professional services claimed to have been rendered for the defendant in the transactions involved in the purchase of a tract of land in the State of Florida.

The defendant admits in his affidavit of defense that he had orally agreed to give plaintiff one dollar an acre for his services provided plaintiff did all the necessary work of every character both in Pennsylvania and Florida and succeeded in procuring for affiant a good title to the premises. He admits that the services were

performed in part and that he is willing to value the services of the plaintiff at one-half the figure agreed upon.   The questions to be determined at the trial by the jury were: What were the services embraced in the contract?   Did the plaintiff perform them?

The defendant endeavors to show that the plaintiff in this matter was serving two masters, and that as he was trustee for the bondholders who were the virtual owners of the property he could not take employment from one who was purchasing land from those for whom he was acting.   As the facts were developed upon the trial of the case, it appears that the plaintiff was not personally interested in the land sold.   His designation as trustee did not carry with it the legal status usually following that term.   There was nothing that required him to do anything in the matter or cast upon him the performance of any duties.   The contract into which he entered with defendant did not involve the performance of anything that he would have been compelled to do for the bondholders by reason of any relation he sustained to them. There was no evidence that there was concealment or fraud in the matter and the court could not direct the jury that his contract was unethical and that he could not recover for his services.   In fact there was testimony presented showing that plaintiff's employment by the bondholders had entirely ceased before defendant engaged him.   The jury therefore had to decide whether the plaintiff had performed his contract and was entitled to his one dollar per acre.   They found that he had and there is no reason for disturbing their conclusion.

There is one other matter however that requires attention.   The court refused to allow defendant to prove that he was required to spend time and money in aiding the bondholders to perfect the title to the land.   There was no error in this.   He should have included in his offer of proof that the services were such as the plaintiff engaged to perform under his contract, and if they were, that the performance of such acts on the part of defend-

159, (1916).]          Opinion of the Court.
ant was required by reason of the refusal or default of
the plaintiff.

The assignments of error are overruled and the judg-
ment is affirmed.